UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLYA KONNOFF, et al., | No. 2:17-cv-02426-GEB-GGH |
| Plaintiff, | |
| v. | ORDER and |
| NEWS CORP., et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

*IN FORMA PAUPERIS APPLICATION*

Plaintiff Ilya Konnoff filed this complaint for civil rights violations in pro se. ECF No. 1, and seeks in forma pauperis ["IFP"] status. ECF No. 3. The court has examined the in forma pauperis application and has determined that plaintiff lacks the resources to pay the fees and costs associated with this action and will therefore grant the Motion.

Also identified as plaintiffs are Alexander Konnoff, Sergi Kournikova, Yuri Sharapova, and Elena Putina all identified as living at the same address as Ilya Kononoff and all purportedly appearing in pro se. These additional plaintiffs have not, however sought in forma pauperis status or paid any filing fee, nor have they endorsed the Complaint. These additional plaintiffs, then, have not been shown to have engaged in this action and thus this Order will be directed only to plaintiff Ilya Konnoff.

////

## *SCREENING*

Addressing IFP status does not end the court's inquiry, however.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federalrules-civil-procedure.

Forms are also available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

1   Pro se pleadings are held to a less stringent standard than those drafted by lawyers <u>Haines</u>
2   <u>v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be
3   dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his
4   claim which would entitle him to relief.  <u>Nordstrom v. Ryan</u>, 762 F.3d 903, 908 (9th Cir. 2014).
5   A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to
6   amend, unless the complaint's deficiencies could not be cured by amendment.  <u>See</u> <u>Noll v.</u>
7   <u>Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

*THE COMPLAINT*

9   In order to maintain a suit in federal court, the plaintiff must allege a basis for federal
10  jurisdiction insofar as a federal court may adjudicate only those cases authorized by the
11  Constitution and by Congress.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 377
12  (1994).  The basic federal jurisdiction states, 28 U.S.C. sections 1331 and 1332, confer "federal
13  question" and "diversity" jurisdiction, respectively.  Unless a complaint presents a plausible
14  assertion of a substantial federal right a federal court does not have jurisdiction.  <u>See</u> <u>Bell v.</u>
15  <u>Hood</u>, 327 U.S. 678, 682 (1945).  A simple reference to a federal law does not create subject
16  matter jurisdiction.  <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5thCir. 1995).  Subject matter
17  jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.
18  <u>Id.</u>

19  Here plaintiff has asserted jurisdiction lies pursuant to 28 U.S.C. section1331, which
20  confers jurisdiction on the court over any "action arising under the Constitution, laws, or treaties
21  of the United States," and 1446, which provides jurisdiction over cases removed from a State
22  Court to the federal court.  This case, of course was not removed from state court, so the analysis
23  of jurisdiction must rest on section 1331 and the civil rights laws to which it adverts.

24  Plaintiff purports to be suing for a violation of his federal Constitutional rights.
25  However, in order to state a cognizable claim and establish jurisdiction he must do so pursuant
26  to 28 U.S.C. section 1983 which establishes the basis for such a claim.  The statute states:

27  > Every person who, under color of [state law] . . . subjects or causes to be subjected, any
28  > citizen of the United States to the deprivation of any rights, privileges or immunities

3

        secured by the Constitution . . . shall be liable to the party injury in an action of law suit in equity, or other proper proceeding for redress.

Thus, in order to state a claim under section 1983 the plaintiff must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not include constitutionally sufficient notice and an opportunity to be heard before the deprivation was complete. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982), i.e., he must describe conduct that allegedly caused deprivatio of a federal right that can be fairly attributable to the state. American Mfrs. Mutual Ins. Co. v. Sullivan, 527 U.S. 40, 50 (1999); Cleveland v. Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985).  In other words, there must be action taken pursuant to state, or federal, law and significant state involvement in the action taken. Sullivan, supra, at 50, n.9.  The only facts stated about governmental action in this complaint refers to the government's singular power to print money to the exclusion of plaintiff who seems to believe he should have an equal right to do so.

All of the defendants named in this complaint are private entities or persons who can be included in a civil rights complaint only if there are facts suggesting a conspiracy between the private actor and a governmental actor or entity specifically designed to deprive *this* plaintiff of his constitutional rights.  Plaintiff's complaint does name Barack Obama and the Democratic National Committee as actors who have impaired him but he describes no specific actions taken at a specific time addressed specifically to injure him, i.e., control over printing of money – the only governmental act described – affects *everyone* and cannot be characterized as a conspiracy to deprive plaintiff of his rights.

Here plaintiff sues two news organizations, News Corp. and Time Warner, the Democratic National Committee, the U. S. Government generally, Barack Obama and the federal Environmental Protection Agency.  His complaint speaks of blackmailing, publishing spam that in some way harms him, theft of his intellectual properties in the form of film scripts he wrote that were converted into films without his permission, and the government's printing of money which is somehow used to injure him extending back for a period of ten years.  These allegations

1  are basically political views disguised as tort claims.  There is no mention of any specific federal
2  Constitutional rights violation on which plaintiff can hang his claims.
3      Finally, the amendments to the Federal Constitution that section 1983 was developed to
4  protect are aimed essentially at restraining governmental entities, not private citizens and
5  corporations.  Thus the reference to "persons who, under color of law" subject a plaintiff to a
6  deprivation of rights.  Section 1983 does not purport to be applicable to non-governmental actors.
7  Plaintiff has named no such actors.

## *CONCLUSION*

9      As stated above, Haines v. Kerner, supra, directs the courts to dismiss a pro se complaint
10  only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
11  which would entitle him to relief.  This court can find no plausible way that the injuries claimed
12  by plaintiff in his complaint can be added to, refined, or amended to reflect a constitutional injury.
13  For this reason the court has no choice but to dismiss this complaint without leave to amend.
14      In light of the foregoing IT IS HEREBY ORDERED AND RECOMMENDED that:
15      Plaintiff's application to proceed in forma pauperis is GRANTED;
16      1.    Plaintiff's complaint should be dismissed without leave to amend;
17      2.    The Clerk of the Court should close this file.
18      These findings and recommendations are submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
20  after being served with these findings and recommendations, plaintiffs may file written
21  objections with the court.  Such a document should be captioned "Objections to Magistrate
22  Judge's Findings and Recommendations."  Failure to file objections within the specified time
23  may waive the right to appeal the District Court's order.  Martinez v.Ylst, 951 F.2d 1153 (9th Cir.
24  1991, 951 F.2d 1153 (9th Cir. 1991).
25  **IT IS SO ORDERED**.
26  Dated: November 29, 2017

             /s/ Gregory G. Hollows
27         UNITED STATES MAGISTRATE JUDGE
28